■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARENA RAHALL, on Behalf of DONALD MILLS, Petitioner, v WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. [702 NYS2d 881] —Writ of habeas corpus in the nature of an application to release the defendant on his own recognizance, upon Kings County Indictment No. 77593/99 or, in the alternative, to reduce bail from $500 to $100.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.

(February 18, 2000)

■ In the Matter of GRAND JURY SUBPOENA DATED JANUARY 26, 2000, SERVED UPON NEWSDAY REPORTER ELIZABETH MOORE

and Grand Jury Subpoena Dated January 26, 2000, Served Upon News 12 Long Island Reporter Scott Feldman. Newsday, Inc., et al., Appellants. People of the State of New York, Respondent. [703 NYS2d 230] —In consolidated proceedings pursuant to CPLR 2304 to quash two Grand Jury subpoenas, the petitioners appeal from so much of an order of the Supreme Court, Suffolk County (J. Jones, J.), dated January 31, 2000, as denied, in part, their respective applications to quash the subpoenas, and directed Elizabeth Moore and Scott Feldman to appear before the Grand Jury for the limited purpose of verifying the accuracy of certain published statements.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the stay granted by decision and order on motion of the Court dated February 3, 2000, is vacated forthwith.

During a Grand Jury investigation of alleged official misconduct involving the Sheriff of Suffolk County, the District Attorney of Suffolk County subpoenaed Elizabeth Moore, a reporter employed by *Newsday*, and Scott Feldman, a newscaster employed by News 12 Long Island, both of whom had interviewed the Sheriff. *Newsday* and News 12 Long Island applied to quash the subpoenas on the ground that the reporters possessed a qualified Constitutional privilege, as well as a statutory privilege under Civil Rights Law § 79-h, commonly known as the Shield Law.

After a hearing, the Supreme Court limited the subpoenas to require only "testimony in response to questions aimed solely to authenticate for admission as evidence before the Grand Jury the videotape broadcast * * * and the newspaper article", and otherwise denied the applications. The Supreme Court based its decision on the assurances of the District Attorney that the inquiry would be limited to "narrowly worded questions designed to satisfy the ministerial act of validating certain alleged admissions made during the interviews which were published by the media". The District Attorney promised that the newscaster would be asked only if he was depicted on the videotape and if the portion of the interview that was broadcast "fairly and accurately" recorded the Sheriff's statements, and the newspaper reporter would be asked only if she interviewed the Sheriff on a certain date and if she "fairly and accurately" reported his statements. In addition to the foregoing limitations, the Supreme Court directed the District Attorney to refrain from inquiring about any conversations that were not published or broadcast.

The petitioners contend that the subpoenas should be quashed in their entirety because the requested information is protected by a qualified reporters' privilege under the Federal and State Constitutions. The petitioners have abandoned any claim of protection under the Shield Law. Under the particular circumstances of this case, there is no basis to invoke the constitutional privilege recognized by the Court of Appeals in *O'Neill v Oakgrove Constr.* (71 NY2d 521) with respect to the limited questions permitted by the Supreme Court (*see, Tofani v State of Md.*, 297 Md 165, 465 A2d 413), since the material in question has already been broadcast or published. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.